UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

NICOLE HOOPMAN, SAM HOHEISEL, and DONNIE GIBSON, on behalf of themselves and all other similarly situated,

Plaintiffs,

v.

DULUTH HOLDINGS, INC., d/b/a DULUTH TRADING CO.,

Defendant.

Case No. 26-cv-997

---

# NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, as amended by the Class Action Fairness Act ("CAFA"), Duluth Holdings, Inc. d/b/a Duluth Trading Co. ("Duluth"), by its undersigned counsel, removes the above-styled putative class action lawsuit, pending as case no. 2026CV002647, in the Dane County Circuit Court (the "State Court Action") to the United States District Court for the Western District of Wisconsin. Duluth believes that the claims raised in the State Court Action are without merit and will dispute them at the appropriate time, but for purposes of removal states as follows:

## BACKGROUND

1. Plaintiffs Nicole Hoopman, Sam Hoheisel, and Donnie Gibson commenced the State Court Action against Duluth on August 14, 2026. A copy of the Plaintiffs' summons and complaint is attached as **Exhibit 1**. A copy of the docket in the State Court Action, as of the date of this filing, is attached as **Exhibit 2**.

2. Duluth was served with the Plaintiffs' summons and complaint on September 3, 2026. *See* **Exhibit 3**.

3. The Plaintiffs allege that Duluth engaged in a false price-discounting scheme through its e-commerce website by advertising products using purported former, original, or regular prices alongside lower "sale" prices. Ex. 1 ¶¶ 2-5, 21-25. The Plaintiffs allege that the advertised reference prices were inflated, outdated, or did not reflect bona fide prevailing prices, causing consumers to believe they were receiving genuine discounts. *Id.* ¶¶ 3-5. The Plaintiffs further allege that Duluth routinely offered products at purportedly discounted prices for extended periods and rarely, if ever, offered or sold those products at the advertised reference prices. *Id.* ¶¶ 26-32.

4. The Plaintiffs allege that they purchased products from Duluth at purportedly discounted prices in reliance on the advertised reference prices. *Id.* ¶¶ 36-50. The Plaintiffs claim that Duluth's alleged pricing practices caused them and the proposed class members to pay artificially elevated prices for Duluth's products. *Id.* ¶ 51.

5. The Plaintiffs raise claims under Wisconsin and California law arising from Duluth's alleged pricing practices. Specifically, the Wisconsin Plaintiffs (Nicole Hoopman and Sam Hoheisel) assert claims for violations of Wis. Stat. § 100.20 and Wis. Admin. Code ATCP ch. 124 and, alternatively, unjust enrichment. *Id.* ¶¶ 67-84. The California Plaintiff (Donnie Gibson) asserts claims under California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. *Id.* ¶¶ 85-107.

6. The Plaintiffs purport to bring this action individually and on behalf of proposed Wisconsin and California Classes. Ex. 1 ¶ 56.

7. The Plaintiffs seek various forms of monetary and equitable relief, including damages, restitution and disgorgement, attorneys' fees and costs, and injunctive relief. *Id.* ¶ 108.

## I. GROUNDS FOR REMOVAL

8. A notice of removal need only plausibly allege a basis for removal. *See* 28 U.S.C. § 1446(a) (requiring "a short and plain statement of the grounds for removal"); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014).

9. Here, CAFA affords federal jurisdiction and authorizes removal under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

10. Congress enacted CAFA to ensure "[f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). For this reason, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89. Rather, CAFA "'should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed.'" *Id.* (citation omitted).

11. CAFA confers federal jurisdiction over class action lawsuits when 1) at least one plaintiff is a citizen of a different state than at least one defendant, 2) the amount in controversy exceeds $5 million, and 3) the proposed class includes at least one hundred members. *See generally* 28 U.S.C. § 1332. All three requirements are satisfied here.

### A. Minimal Diversity

12. CAFA requires only minimal diversity, namely that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. The Plaintiffs have alleged that Donnie Gibson resides in Pittsburg, Contra Costa County, California. Ex. 1 ¶ 15. Gibson is thus a citizen of California.

14. Duluth is a corporation incorporated, and with its principal place of business, in Wisconsin. It is therefore a citizen of Wisconsin for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

15. Because Donnie Gibson's citizenship differs from Duluth's, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. Number of Class Members**

16. CAFA's minimal diversity requirements only apply when the proposed class consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). In their complaint, the Plaintiffs allege that the class members consist of "hundreds of thousands of individuals." Ex. 1 ¶ 58. Because the proposed class consists of more than 100 members, the CAFA requirement is met.

**C. Amount in Controversy**

17. Although Duluth denies the claims alleged in the Plaintiffs' complaint and further denies that the Plaintiffs (or anyone else) is entitled to any monetary or other relief on a class-wide basis or otherwise, the amount in controversy here satisfies the jurisdictional threshold of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

18. Duluth needs to provide only a "good-faith estimate" that is "plausible and adequately supported by the evidence." *Schutte v. Ciox Health, LLC,* 28 F.4th 850, 854 (7th Cir. 2022) (citation omitted); *see also Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.").

19. The Plaintiffs seek substantial monetary relief on behalf of "hundreds of thousands of individuals". Ex. 1 ¶ 58. Among other relief, the Plaintiffs seek recovery based on their allegation that the class members paid prices exceeding the products' purported "true market value." *Id.* ¶ 51. The Plaintiffs allege that this alleged "price premium" can be calculated on a class-wide basis using Duluth's sales data. *Id.* ¶ 51, n.6.

20. On behalf of the putative Wisconsin class, the Plaintiffs seek twice the amount of each class member's alleged pecuniary loss under Wis. Stat. § 100.20(5). On behalf of the putative California class, the Plaintiffs seek relief, restitution and disgorgement of revenues allegedly obtained as a result of the challenged practices. The Plaintiffs also seek injunctive relief and attorneys' fees and costs.

21. Duluth denies Plaintiffs' claims and maintains Plaintiffs are not entitled to any of their alleged damages or other relief. Nonetheless, based upon the Plaintiffs' alleged damage theories, and the volume of Duluth's sales during the relevant time period, the amount in controversy exceeds CAFA's $5 million requirement whether calculated based on the California class or Wisconsin class, independently.

## II. COMPLIANCE WITH REMAINING STATUTORY REQUIREMENTS

22. Venue. Venue is appropriate in this Court. The Dane County Circuit Court is located within this District, and cases pending in Dane County, Wisconsin, are properly removed to the United States District Court for the Western District of Wisconsin. *See* 28 U.S.C. § 1441(a).

23. Timeliness. This Notice of Removal is timely because it is filed within 30 days of September 3, 2026, when Duluth accepted service of the Plaintiffs' summons and complaint. 28 U.S.C. § 1446(b)(1); **Exhibit 3**.

24. Pleadings and Process. 28 U.S.C. § 1446(a) requires Duluth to file a copy of all process, pleadings, and orders that have been served upon it. The summons and complaint in the State Court Action have been served on Duluth and are included here as **Exhibit 1**. The only other document filed in the State Court Action that was served on counsel for Duluth was the Proof of Service filed on September 22, 2026, which is attached here as **Exhibit 4**.

25. State Court Filing. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on Plaintiffs' counsel, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court for Dane County, Wisconsin.

**WHEREFORE**, Duluth removes this action now pending in the Circuit Court for Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin.

Dated: October 2, 2026

Respectfully submitted,

*s/ Jennifer L. Gregor*

Jennifer L. Gregor, SBN: 1078174
Kendall W. Harrison, SBN: 1023438
Wilfredo O. Najarro, SBN: 1122518
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
jgregor@gklaw.com
kharrison@gklaw.com
wnajarro@gklaw.com

*Attorneys for Duluth Holdings, Inc. d/b/a Duluth Trading Co.*

39040035

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I caused a true and correct copy of the Notice of Removal (including exhibits), Civil Cover Sheet, and Corporate Disclosure Statement filed via the Court's CM/ECF system to be served on the following by electronic mail and U.S. Mail:

Mark E. Sisson
Trevor Zamborsky
THE MARK SISSON LAW FIRM
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
msisson@marksissonlaw.com
tzamborsky@marksissonlaw.com

*s/ Jennifer L. Gregor*
Jennifer L. Gregor